IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID M. BLOCK, et al.,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiffs,　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　Case No. 18-cv-2098-DDC-TJJ
　　　　　　　　　　　　　　　　　　)
CHRISTOS KOMISSOPOULOS, et al.,　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　　　)

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Komissopoulos's Motion to Stay Discovery (ECF No. 40). Defendant Christos Komissopoulos seeks an order staying discovery in part and allowing discovery limited only to whether a March 17, 2014 settlement agreement bars Plaintiffs' claims in this action. Defendant Thomas B. Cahill joins in the motion, which Plaintiffs jointly oppose. For the reasons set forth below, the Court concludes the motion should be granted in part.

**Nature of the Matter Before the Court**

Plaintiff filed this action alleging professional malpractice and negligence in the District Court for Wyandotte County, Kansas. Komissopoulos removed the case to this court, and both he and Cahill filed motions to dismiss.[1] Plaintiffs amended their complaint, thereby making moot the motions to dismiss. In their successive motions, both Defendants urge dismissal under Fed. R. Civ. P. 12(b)(6), and Cahill also contends Plaintiffs' claims are time-barred and should be dismissed for improper venue.

Komissopoulos filed the instant motion shortly before the Scheduling Conference took

---

[1] ECF Nos. 38, 45.

1

place, which came before Plaintiffs' response deadline. During the conference, Cahill orally joined in the motion. After discussing the issue with the parties, the Court denied the motion insofar as it seeks a stay of all discovery pending a ruling by the District Judge on Komissopoulos's motion to dismiss, but raised the possibility of allowing limited discovery based on the parties' arguments in favor of and against the preclusive effect of the March 17, 2014 settlement agreement. The Court indicated Plaintiffs' response to the motion to stay should address the propriety of the Court allowing discovery limited to whether the settlement agreement bars Plaintiffs' claims in this action.

Plaintiffs argue the Court should deny Defendants' request to stay discovery in part or in total. In their replies, Defendants propose a complete stay of discovery while they move for summary judgment on the issue of whether the settlement agreement forecloses Plaintiffs' action, realizing Plaintiffs may seek a lift of the stay to conduct discovery pursuant to Fed. R. Civ. P. 56(d) before Plaintiffs would be required to respond to the dispositive motions.

**Legal Standard for Motion to Stay Discovery**

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[2] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[3] Therefore, as a general rule, the District of Kansas does not favor staying pretrial proceedings even though dispositive motions are pending.[4] An exception exists when the party requesting the stay has

---

[2] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).

[3] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[4] *McCoy*, 2007 WL 2071770, at *2; *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

filed a dispositive motion asserting absolute or qualified immunity,[5] a situation which does not exist here.

**Application of the Standard to this Case**

Defendants continue to seek a stay of all discovery, while Plaintiffs oppose a stay in any form.[6] Defendants' reply briefs have not persuaded the Court to revise the Court's original ruling denying a stay of all discovery pending the District Judge's rulings on the motions to dismiss.[7] Neither Defendant asserts a qualified immunity defense, and the majority of Defendants' arguments go to the substance of the asserted defense and will have to be addressed in the briefing and resolution of the underlying motions to dismiss.

The Court concludes that the just, speedy, and inexpensive adjudication of this case[8] will be best served by an order granting the stay in part, permitting discovery limited to the effect of the March 17, 2014 settlement agreement on Plaintiffs' ability to pursue this action. Consistent with the Court's earlier direction, the Court sets a telephone Scheduling Conference for **August 30, 2018, at 10:00 AM**. No later than **August 27, 2018**, counsel shall jointly submit to Magistrate Judge James via chambers email a schedule with proposed discovery and dispositive motions deadlines on issues germane to the settlement agreement.

---

[5] *McCoy*, 2007 WL 2071770, at *2; *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

[6] As the relief Defendants request has evolved, this case has taken an additional turn. The Court has been informed that all but one of the Plaintiffs have executed a settlement agreement with Defendants and will be filing dismissals of their claims. Accordingly, while the instant motion and Defendants' motions to dismiss remain ripe for the Court's rulings, Komissopoulos's argument regarding the indemnification provision in the settlement agreement will be moot.

[7] *See* ECF No. 48.

[8] *See* Fed. R. Civ. P. 1.

**IT IS THEREFORE ORDERED** Defendant Komissopoulos's Motion to Stay Discovery (ECF No. 40) is granted in part. The Court stays discovery except that related to the settlement agreement as set forth herein.

**IT IS FURTHER ORDERED** that a Scheduling Conference is set for **August 30, 2018, at 10:00 AM**. Counsel shall dial 888-363-4749 and enter Access Code 4901386 to join the conference. No later than **August 27, 2018**, counsel shall jointly submit to Magistrate Judge James via chambers email a schedule with proposed discovery and dispositive motions deadlines on issues germane to the settlement agreement.

**IT IS SO ORDERED.**

Dated this 20th day of August, 2018 at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge